IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2011

## CAMERON WINSELLE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 04-05193     James M. Lammey, Judge**

---

**No. W2010-02154-CCA-R3-PC  - Filed November 18, 2011**

---

The petitioner, Cameron Winselle, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief challenging his convictions of two counts of first degree murder on the basis of ineffective assistance of counsel. The petitioner specifically contends that trial counsel committed ineffective assistance by failing to present evidence of his diminished capacity, failing to exhaust peremptory challenges, failing to investigate the facts of the offense, and failing to move for the trial judge's recusal based upon the trial judge's previous employment as a prosecutor. The petitioner also contends that appellate counsel was deficient for failing to raise issues on appeal. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Terita M. Hewlett, Memphis, Tennessee, for the appellant, Cameron Winselle.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kevin Rardin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Shelby County Criminal Court jury convicted the petitioner of the August 11, 2002 premeditated murders of Rubin and Larry Matthews. The trial court sentenced the petitioner to consecutive life sentences. On direct appeal, this court affirmed the judgments of the trial court. *State v. Cameron Winselle*, No.W2007-00139-CCA-R3-CD (Tenn. Crim. App., Jackson, Feb. 20, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). The facts at trial

showed that the petitioner shot the victims during an ill-fated drug deal. *Id*., slip op. at 2-4. The evidence showed that the victims allowed other individuals to use their apartment as a location to use and purchase drugs. *Id*., slip op. at 2-3. The petitioner claimed that when he went to the apartment to purchase marijuana, four individuals pulled a pistol on him and robbed him of $7400 and his handgun. *Id*., slip op. at 4. When he was allowed to leave the apartment, he went to his vehicle, retrieved an "SKS Chinese Assault Rifle," and returned to the apartment where he shot the victims, who he claimed participated in the robbery. *Id*.

The petitioner filed a timely pro se petition for post-conviction relief on April 15, 2009. He alleged that his trial counsel rendered ineffective assistance for failing to interview certain witnesses and failing to obtain expert services to present diminished capacity evidence. He also alleged that appellate counsel performed deficiently by failing to raise issues on appeal despite his insistence that counsel do so. On June 14, 2010, following the appointment of counsel, the petitioner filed an amended petition alleging additional claims concerning trial counsel's failure to exhaust peremptory challenges and failure to seek recusal of the trial judge who had been employed as an assistant district attorney at the time of the petitioner's indictment.

At the July 13, 2010 evidentiary hearing, trial counsel testified that he utilized the investigative services of the Shelby County Public Defender's Office and that he fully investigated the facts of the petitioner's case. He testified, "In conversations with [the petitioner], I did not feel it was necessary to order a mental evaluation . . . [because] there w[ere] no signs or issues of competency." Trial counsel recalled that the petitioner's case was "a drug deal gone bad" and, based upon his investigation, he determined to present self-defense based upon the petitioner's claim of being "ambushed" and robbed by the victims. Trial counsel also recalled, however, his debate with the petitioner concerning whether to present a defense of "adequate provocation" rather than self-defense. Trial counsel testified that he challenged for cause five potential jurors who expressed the opinion that nothing justified taking a life. After the trial court discussed the law concerning self-defense, however, the jurors expressed an ability to follow the law. Trial counsel then elected not to exercise peremptory challenges to remove those jurors after discussing the issue with the petitioner. Trial counsel also testified that he was aware that the trial judge, a former assistant district attorney, "did not handle any matter concerning [the defendant's case]" while employed with the prosecutor's office, and, therefore, trial counsel did not file a motion to recuse.

Appellate counsel testified that, as an appellate attorney with the Shelby County Public Defender's Office, she coordinated with trial counsel concerning the filing of the motion for new trial and encouraged each trial attorney to include every possible issue in the motion. On appeal, however, she determined which issues to raise based upon her

assessment of the validity of the claims on appeal. For this reason, she determined only to challenge the sufficiency of the evidence in the petitioner's case and explained her decision in a detailed letter to the petitioner.

The petitioner testified that he and trial counsel discussed his case "a lot," particularly debating whether to raise a defense of self-defense or adequate provocation. The petitioner denied knowledge of any independent investigation performed by trial counsel. He said that he and trial counsel never discussed the trial judge's recusal and expressed his belief that the trial judge should have recused himself from his case. He admitted, however, that he had no actual proof of any bias that the trial judge held against him. The petitioner testified that he discussed with trial counsel his "mind running" after being robbed as it affected his ability to premeditate the shooting. He opined that any attorney is "supposed to have his client evaluated." He admitted, however, that he did not currently suffer any mental health problems.

In a written order, the post-conviction court found that trial counsel had no indication that the petitioner needed a mental health evaluation and that the petitioner failed to present proof of any deficiency at the evidentiary hearing. The court also found that the questionable jurors were rehabilitated by the trial court and that trial counsel and the petitioner agreed not to exercise peremptory challenges for their removal. As to the petitioner's claim of deficient factual investigation, the court found that the petitioner failed to present proof of any undiscovered evidence to rebut trial counsel's testimony that he fully investigated the case. The court also found that the petitioner failed to establish any deficient performance or prejudice concerning the recusal of the trial judge or appellate counsel's preparation of appellate issues. In summary, the court concluded that the petitioner failed to establish his claims by clear and convincing evidence and denied post-conviction relief. The petitioner timely appealed the post-conviction court's order.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of

competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6, S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

The record in this case fully supports the findings of fact and conclusions of law of the post-conviction court concerning the petitioner's allegations of ineffective assistance of counsel. The petitioner failed to establish any deficient performance concerning trial counsel's investigation of the case and presentation of diminished capacity evidence because the petitioner failed to present any witnesses, expert or otherwise, to establish these claims. As such, the petitioner failed to establish his claim for relief. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (holding that a post-conviction petitioner generally fails to establish his claim that counsel did not properly investigate or call a witness if he does not present the witness or evidence to the post-conviction court because a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial).

Likewise, the evidence does not preponderate against the post-conviction court's findings concerning trial counsel's exercising peremptory challenges or deciding not to seek recusal of the trial judge, as well as the court's findings concerning appellate counsel's performance. The petitioner simply failed to establish deficient performance or prejudice stemming from these allegations. Accordingly, the petitioner failed to establish his entitlement to post-conviction relief. The judgment of the post-conviction court denying relief is affirmed.

-4-

_____

JAMES CURWOOD WITT, JR., JUDGE